IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>ASHLEY J. TELLIS, )<br>)<br>*Defendant.* )<br>) | Case No. 1:25-cr-00308-MSN |

## MOTION FOR EXTENSION OF TIME TO OPPOSE

COMES NOW Ashley J. Tellis, by counsel, and respectfully moves the Court to grant an extension of eight days to oppose the government's Motion to Reopen Detention, ECF No. 33. Despite Dr. Tellis fully complying with all conditions of his release for nearly six weeks without incident, the government now seeks to reopen the detention hearing based on purported "new" evidence and documents that the defense has not yet been permitted to review. Specifically, counsel for Dr. Tellis not been able to review Exhibit 1 to the government's motion and other documents integral to evaluating whether the evidence on which the government now relies is indeed "new," including the affidavits the government authored in support of the searches of Dr. Tellis' residence and office. Although the government has agreed to provide the critical documents, the government has not yet done so—and has indicated that it will not do so while the Unopposed Motion for Entry of Protective Order Pursuant to Section 3 of the Classified Information Procedures Act, ECF No. 39, remains pending. The government will do so only once that order is entered.

The Court may grant an extension of time for good cause. Fed. R. Crim. P. 45(b)(1)(A). Good cause exists for this extension because the defense has not yet been able to review critical

evidence that the government asserts as a basis for reopening detention and that are relevant to the defense's ability to evaluate whether such evidence was in-fact new and/or the materiality of any such evidence.

Of particular significance is the government's *ex parte* Exhibit 1 to its motion, which according to the motion would relate directly to the purported danger the government claims Dr. Tellis poses. ECF No. 33 at 7. In its motion, the government noted that it "intends to make Exhibit 1 available to cleared defense counsel once they have signed a classified protective order." *Id.* at 7 n.6. The parties worked diligently to reach an agreement as to a proposed protective order, which the government filed at the end of the day on Friday, November 28, 2025.

In addition to Exhibit 1 to the government's motion, the defense also requested—and the government has indicated it will provide—other documents that are integral to government's arguments in its motion and therefore integral to the opposition.[1] These include: (1) the affidavit in support of the search warrant for Dr. Tellis' home; (2) the affidavit in support of the search warrant for Dr. Tellis' office; (3) the document referenced in the government's (sealed) Exhibit 2 to their motion; and (4) the two documents, Document A and Document B, charged in the indictment.[2]

Typically, the defense would have 14 days, until December 2, to consider and oppose the government's motion in its entirety. The defense requested the above-listed documents in a letter on November 19, 2025, just a day after the government filed its motion, explaining the need for each of these documents in order to respond. The government subsequently indicated that it will

---

[1] While the government has agreed to share these documents, the government has indicated that it maintains that disclosure of these documents is not legally required in advance of bond/detention proceedings.

[2] The defense had previously requested these documents on November 17, 2025, via a Rule 16 letter, immediately following the filing of the indictment, ECF No. 26.

provide access to these documents to Dr. Tellis and/or his counsel. As of filing this motion, however, the government has not provided any of the requested documents, nor has the government been able to provide a date certain that it will be able to. Without these documents, the defense is not able to respond fully to the government's allegations and arguments. The defense therefore needs sufficient additional time to receive and review the requested documents, confer with Dr. Tellis, and oppose the government's motion that seeks to revoke Dr. Tellis' release despite well over a month of perfect compliance with the Court's conditions for pretrial release.

The parties conferred on November 26 and 28 and December 1 regarding the requested extension. The government indicated that it would agree to a three-day extension, to December 5, but refused any time beyond that. The defense explained that it requires more than a three-day extension for multiple reasons. First, while the government has indicated it *may* be able to provide the requested documents by December 2, the government acknowledges it is not able to guarantee the time at which will disclose these crucial documents, meaning that a three-day extension may well be—in effect—a two-day, one-day, or zero-day extension to consider and incorporate these necessary documents. Second, these documents—including one of three exhibits to the motion itself—have the potential to significantly impact the defense's arguments in opposition on the critical question of Dr. Tellis' liberty. Even assuming the government delivers the documents on Tuesday, three days to review, discuss with Dr. Tellis, and incorporate any information in these documents—the extent of which the defense cannot currently know—is not sufficient. Finally, John Nassikas—the only senior attorney on the defense team with a currently active clearance and ability to review the classified documents the government will provide, including Exhibit 1—is traveling away from the D.C. area beginning December 3. As a result, it is likely that Mr. Nassikas

will not be able to review the classified documents until December 8. The defense presented these issues to government counsel. The government continues to object to any further extension.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests the Court grant an extension of eight days, to December 10, to oppose the government's Motion to Reopen Detention.

Defendant waives hearing of this motion. As of filing, the government had not responded whether they will seek a hearing.

Dated: December 1, 2025.

Respectfully submitted,

/s/

John Nassikas (VA Bar No. 24077)
Baruch Weiss (admitted *pro hac vice*)
Henry Morris (VA Bar No. 93686)
Arnold & Porter LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6820
Telephone: (202) 942-5081
john.nassikas@arnoldporter.com

*Attorneys for Ashley J. Tellis.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day filed the foregoing document electronically with the United States District Court for the Eastern District of Virginia with electronic service to all counsel and parties of record.

Dated: December 1, 2025.

_____
John Nassikas