# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
REAL AND PERSONAL PROPERTY BELONGING TO, AND )
THE PERSON OF, ASHLEY TELLIS )
)
)

Case No. 1:25-SW-857

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachments A-1, A-2 and A-3.

located in the Eastern District of Virginia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 793(d), (e) | Unlawful retention of classified information. |
| 18 U.S.C. § 1924 | Removal of classified documents. |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Jeffrey Scott*
Applicant's signature

Reviewed by AUSA/SAUSA

Seth Schlessinger, AUSA
*Printed name and title*

Jeffrey Scott, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 10/11/2025

Digitally signed by Ivan Davis
Date: 2025.10.11 12:54:12 -04'00'
Judge's signature

City and state: Alexandria, Virginia

Hon. Ivan D. Davis, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A-1

## Property to Be Searched

The RESIDENCE is a single family home located at 2231 Terra Ridge Drive, Vienna, Virginia. The home is a brick structure that brown in color with a slanted roof and white windows. The building has two above-ground stories and is bordered by a wooded area. The RESIDENCE is pictured below.



# ATTACHMENT A-2

## Person to Be Searched

The person to be searched is Ashley TELLIS, date of birth 05/30/1961, as depicted below, as well as any personal property and effects on his person or in his possession, including, but not limited to any cellphones or other electronic devices



## ATTACHMENT A-3

### Vehicle to be Searched

The vehicle to be searched is a white four door BMW SUV with a Virginia license plate of VLM-6410. The vehicle is pictured below:



# ATTACHMENT B

## Property to Be Seized

The items to be seized are fruits, evidence, information, contraband, or instrumentalities in whatever form and however stored, relating to violations of 18 U.S.C. §§ 793 and 1924 (the "SUBJECT OFFENSES") that have been committed by Ashley TELLIS as described in the search warrant affidavit; including, but not limited to:

a. Evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

b. Evidence concerning materials, devices, or tools that were used to unlawfully commit the SUBJECT OFFENSES;

c. Evidence of communication devices or communications with foreign persons relating to possession of government information, currency, or assets;

d. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

e. Evidence of the possession of the classified information, including notes, documents, CDs/DVDs, or electronic storage devices;

f. Evidence of the possession of proprietary or confidential U.S. Government information or data;

g. Evidence that the user was using encrypted applications, disappearing communications, or communicating using encryption keys or technologies, or new/alias services;

h. Evidence that persons were involved in the theft, transport, misappropriation, or mishandling of property or information owned by the United States;

i. Evidence that persons may have obstructed justice, deleted information, or provided false information to the U.S. Government or law enforcement;

j. Information that relates to communications with foreign governments or agents; government agencies, educational institutions, financial institutions, travel entities, or friends and family;

k. Information related to acquisition or disposition of assets, property, or material outside the United States;

l. Information that constitutes evidence concerning financial structuring attempts;

m. All records, documents, information, and material related to travel outside the United States.

2. Records and information that constitute evidence of TELLIS' identity, including but not limited to passports, identification cards, foreign identification records, receipts, ledgers, notes, licenses, and title.

3. Address and/or telephone books and papers reflecting names, addresses and/or telephone numbers, which constitute evidence of conspirators and potential witnesses of violations of the SUBJECT OFFENSES.

4. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to use of government computers or facilities, storage of government information or data, contact with persons associated with a foreign government, payment or 5 renumeration for information or access to government facilities or information; and storage of classified, confidential or proprietary government information:

5. Photographs, in particular photographs of assets, and contraband, which constitute evidence of the SUBJECT OFFENSES.

6. Evidence of relationships between members of a conspiracy, including evidence of identification and evidence of motivation to engage in SUBJECT OFFENSES.

7. Cellular telephones, SIM cards, computers, laptops, iPads, CDs, DVDs, hard drives, and electronic store devices, and receipts reflecting their ownership and use, which contain records of the commission of the SUBJECT OFFENSES.

8. Safes, both combination and key type, and their contents, which can contain evidence of the commission of the SUBJECT OFFENSES or proceeds from the commission of the SUBJECT OFFENSES.

9. Indicia of ownership, including, receipts, invoices, bills, canceled envelopes, and keys, which provides evidence of identity as to individuals committing the SUBJECT OFFENSES; and

10. Digital devices used in the commission of, or to facilitate, the above-described SUBJECT OFFENSES, including storing, maintaining, keeping, or downloading classified information or national defense information, evidence of avoidance of federal rules regarding currency controls and reporting, and improper use of government computer systems or information.

11. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)," search of:

a.      evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

b.      evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.      evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

d.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

e.      evidence of the times the Device(s) was used;

f.      passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

g.      documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

h.      records of or information about Internet Protocol addresses used by the Device(s);

i.      records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

j.      All information that constitutes fruits, contraband, evidence, and/or instrumentalities of violations of 18 U.S.C. §§ 793 and 1924 as described in the affidavit submitted in support of this warrant and identified in paragraph

(1) above.

k.      Information that constitutes evidence of the identification or location of the user(s) of the Device; and

l.       Information that constitutes evidence concerning how and when the Device was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Device user.

12.     Routers, modems, and network equipment used to connect computers to the Internet.

13.     As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing

or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

14. The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, 9 arithmetic, or storage functions.

15. With respect to the search of any of the items described above that are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software, or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be searched as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be searched):

a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

b. "opening" or cursorily reading the first few "pages" of such files to determine their precise contents;

c. "scanning" storage areas to discover and possible recover recently deleted files;

d. "scanning" storage areas for deliberately hidden files; or e. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

16. If, after performing these procedures, the directories, files, or storage areas do not reveal evidence of the SUBJECT OFFENSES or other criminal activity, the further search of that particular directory, file or storage area, shall cease.

17.     With respect to the search of the information provided pursuant to this warrant, law enforcement personnel will make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, communications, or other electronically stored information that are identified with particularity in the warrant while minimizing the review of information not within the list of items to be searched as set forth herein, to the extent reasonably practicable. If the government identifies any communications that may implicate the attorney-client privilege, law enforcement personnel will discontinue its review and take appropriate steps to segregate all potentially privileged information to protect it from substantive review. The investigative team will take no further steps regarding any review of information so segregated absent further order of the court. The investigative team may continue to review any information not segregated as potentially privileged.