IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

FILED
IN OPEN COURT

FEB 1 2 2026

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

v.

ASHLEY J. TELLIS,

*Defendant.*

Criminal No. 1:25-cr-308

18 U.S.C. § 793(e)
(Willful Retention of National
Defense Information)

## SUPERSEDING INDICTMENT

### February 2026 Term – at Alexandria

THE GRAND JURY CHARGES THAT:

At all times material to this Superseding Indictment:

### General Allegations

1.      Defendant ASHLEY J. TELLIS ("TELLIS") was a resident of Vienna, Fairfax County, Virginia.

2.      Beginning in or about 2001, and continuing through at least on or about October 11, 2025, TELLIS was employed with the U.S. Department of State. Beginning by at least in or about 2003, and continuing at various times through at least on or about October 11, 2025, TELLIS was a contractor at the U.S. Department of War (formerly Defense). In connection with his government employment, TELLIS held a security clearance that authorized him to view classified material up to the TOP SECRET / Sensitive Compartmented Information (SCI) level and had access to national defense and classified information.

## Classified Information

3.      Pursuant to Executive Order 12958 signed on April 17, 1995, as amended by Executive Order 13292 on March 25, 2003, and Executive Order 13526 on December 29, 2009, national security information was classified as "TOP SECRET," "SECRET," or "CONFIDENTIAL." National security information was information owned by, produced by, produced for, and under the control of the United States government that was classified as follows:

    a.  Information was classified as TOP SECRET if the unauthorized disclosure of the information reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority was able to identify and describe.

    b.  Information was classified as SECRET if the unauthorized disclosure of that information reasonably could be expected to cause serious damage to the national security that the original classification authority was able to identify and describe.

    c.  Information was classified as CONFIDENTIAL if the unauthorized disclosure of that information reasonably could be expected to cause damage to the national security that the original classification authority was able to identify and describe.

4.      Access to national security information classified at any level could be further restricted through compartmentation in SCI categories, which related to intelligence sources, methods, and analytical process. Only individuals with the appropriate security clearance and additional SCI access(es) could have access to such classified national security information.

5.      Under Executive Order 13526, "damage to the national security" meant harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information.

6.      Classified information, including SCI, was marked according to its classification and applicable SCI compartments, following standard formats for different types of media,

including headers and footers stating the highest classification level and SCI compartments of information a document contained and individual classifications markings for each paragraph.

7.     Information classified at any level could only be lawfully accessed by persons determined by an appropriate United States government official to be eligible for access to classified information, and who had a "need to know" the classified information. Classified information could only be stored in an approved facility and container.

8.     Intelligence Community Directive 705, titled "Sensitive Compartmented Information Facilities," signed on May 26, 2010, by the Director of National Intelligence, provided that "all SCI must be processed, stored, used, or discussed in an accredited SCIF [Sensitive Compartmented Information Facility]."

9.     The U.S. Department of Defense (DOD) (now Department of War) was a U.S. executive branch agency, the mission of which was to provide the military forces needed to deter war and to protect the security of the United States.

**TELLIS's Access to and Theft of National Defense Information and Classified Materials**

10.     Because TELLIS held a security clearance and worked at multiple U.S. government agencies, the U.S. government entrusted TELLIS with access to sensitive government materials, including information relating to the national defense that was closely held by the government ("National Defense Information") and classified documents and materials.

11.     Over his many years holding a security clearance, TELLIS received training regarding classified information, including the definitions of classified information, the levels of classification, and SCI, as well as the proper handling, marking, transportation, and storage of classified materials. TELLIS received security briefing concerning the nature and protection of SCI. TELLIS knew that the unauthorized removal of classified materials and transportation and

storage of those materials in unauthorized locations risked disclosure and transmission of those materials, and therefore could endanger the national security of the United States and the safety of its citizens. In particular, TELLIS had been advised and signed classified non-disclosure agreements in which he acknowledged that unauthorized disclosure of TOP SECRET information reasonably could be expected to cause exceptionally grave damage to the national security of the United States, and that violation of rule governing the handling of classified information could result in criminal prosecution.

12.    Beginning at a time unknown, but no earlier than in or about 2001, and continuing through on or about October 11, 2025, TELLIS removed without authorization and retained U.S. government property including, among other things, the documents listed in paragraph 18, below.

13.    Many of the documents TELLIS stole bore standard markings indicating that they contained highly classified information of the United States, including SECRET and TOP SECRET, as well as SCI, information. The information in the classified documents stolen and retained by TELLIS included National Defense Information.

14.    TELLIS retained stolen documents, in hard copy and digital form, containing National Defense Information and classified information in a number of locations within his residence.

15.    TELLIS knew that the stolen documents contained classified information that related to the national defense.

16.    TELLIS was never authorized to retain these documents at his residence.

17.    TELLIS knew that he was not authorized to remove National Defense Information and classified documents from secure locations, and further that he was not authorized to retain them at his residence.

18.     TELLIS willfully retained stolen documents that contained National Defense Information, including the following Classified Documents, which were classified as SECRET, TOP SECRET, and/or SCI:

A.  A March 2019 TOP SECRET U.S. government document containing information related to Chinese nuclear capabilities (DOCUMENT A).

B.  A July 2025 SECRET U.S. government document containing information related to Chinese military capabilities (DOCUMENT B).

C.  A November 2018 SECRET U.S. government document that assesses potential vulnerabilities to a U.S. military facility from a foreign attack (DOCUMENT C).

D.  A June 2021 TOP SECRET U.S. government document that describes a foreign country's future nuclear capabilities (DOCUMENT D).

E.  A March 2022 SECRET U.S. government document that contains information on and assessments of a foreign country's military capabilities (DOCUMENT E).

F.  A December 2020 SECRET U.S. government document that describes multiple foreign countries' naval capabilities and projections for future military capabilities (DOCUMENT F).

G.  A March 2021 TOP SECRET U.S. government document that describes estimates of a foreign country's current and future nuclear capabilities (DOCUMENT G).

H.  A July 2021 TOP SECRET U.S. government document that contains information on and assessments of a foreign country's military capabilities (DOCUMENT H).

I.  A March 2025 TOP SECRET U.S. government document that describes intelligence collected on and assessment of a foreign country's nuclear capabilities (DOCUMENT I).

J.  A January 2023 TOP SECRET U.S. government document that contains information on and assessments of a foreign country's military capabilities (DOCUMENT J).

K.  A December 2021 TOP SECRET U.S. government document that describes a foreign country's nuclear capabilities (DOCUMENT K).

19.    At no time during the dates of the offense alleged in this Superseding Indictment did TELLIS deliver, or attempt to deliver, the aforementioned classified documents or National Defense Information to any officer or employee of the United States entitled to receive it.

## COUNTS ONE THROUGH ELEVEN

### (Willful Retention of National Defense Information – 18 U.S.C. § 793(e))

20.    Paragraphs 1 through 19 of this Superseding Indictment are incorporated by reference herein.

21.    Beginning at times unknown, and continuing until on or about October 11, 2025, in the Eastern District of Virginia, and elsewhere, the defendant,

**ASHLEY J. TELLIS,**

having unauthorized possession of, access to, and control over documents relating to the national defense, willfully retained the documents and failed to deliver them to any officer or employee of

the United States entitled to receive them: to wit, TELLIS retained documents relating to the national defense at his residence without authorization, including the documents described in paragraph 18, above, and listed below:

| COUNT | CLASSIFICATION LEVEL | DOCUMENT |
|---|---|---|
| 1 | TOP SECRET | DOCUMENT A |
| 2 | SECRET | DOCUMENT B |
| 3 | SECRET | DOCUMENT C |
| 4 | TOP SECRET | DOCUMENT D |
| 5 | SECRET | DOCUMENT E |
| 6 | SECRET | DOCUMENT F |
| 7 | TOP SECRET | DOCUMENT G |
| 8 | TOP SECRET | DOCUMENT H |
| 9 | TOP SECRET | DOCUMENT I |
| 10 | TOP SECRET | DOCUMENT J |
| 11 | TOP SECRET | DOCUMENT K |

All in violation of 18 U.S.C. § 793(e).

## <u>FORFEITURE ALLEGATIONS</u>

22.     The allegations contained in the Superseding Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 793(h), 981(a)(1)(C), and 28 U.S.C. § 2461(c).

23.     Upon conviction of a violation 18 U.S.C. § 793(e) set forth in Counts One through Eleven of this Superseding Indictment, the defendant

### ASHLEY J. TELLIS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the property of the United States seized from the defendant's residence on or about October 11, 2025, and all digital media and devices used to store such information.

24.     Upon conviction of a violation 18 U.S.C. § 793(e) set forth in Counts One through Eleven of this Superseding Indictment, the defendant

### ASHLEY J. TELLIS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 793(h), any property constituting, or derived from, any proceeds obtained, directly or indirectly, from any foreign government, or any faction or party or military or naval force within a foreign country, whether recognized or unrecognized by the United States, as the result of the violation.

25.     If any of the property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(In accordance with Title 18, United States Code, Sections 793(h) and 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).)

A TRUE BILL.

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

Date: February 12, 2026

_____
GRAND JURY FOREPERSON

J. FRANK BRADSHER
EXECUTIVE ASSISTANT
UNITED STATES ATTORNEY

_____
Seth M. Schlessinger
Assistant United States Attorney

_____
Leslie Esbrook
Elizabeth Shults
Trial Attorneys
Counterintelligence and Export
Control Section
National Security Division