# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

UNITED STATES OF AMERICA,                )
                                         )
          *Plaintiff*,                         )
                                         )
             vs.                              )    Case No. 1:25-cr-00308-MSN
                                         )
ASHLEY J. TELLIS,                        )
                                         )
          *Defendant.*                         )
                                         )
                                         )

### DEFENDANT ASHLEY J. TELLIS' MOTION TO DISMISS

Ashley J. Tellis, by counsel, under Federal Rule of Criminal Procedure 12(b), moves this Court to dismiss the government's indictment. As explained in the accompanying Memorandum, the indictment fails to state an offense because it does not allege facts establishing an essential element of an offense under 18 U.S.C. § 793(e), that the accused—who in this case had a security clearance and need to know— had "unauthorized" possession of, access to, or control over national defense information. Instead, the government concedes that Dr. Tellis was entrusted with classified information. A person entrusted with classified materials who takes that material home can be prosecuted under two different statutory provisions, either Section 793(d) or Section 1924, where appropriate, but not Section 793(e). The government was clearly aware of these other charging options, but deliberately chose to limit its indictment to the wrong provision, Section 793(e). While the government has prosecutorial discretion, it cannot rewrite its preferred statute to shoehorn an ill-fitting offense. The Court should therefore dismiss the instant Section 793(e) indictment under Rule 12(b).

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

LEGAL STANDARD......................................................................................................... 4

ARGUMENT .................................................................................................................... 4

    I.    Under Fourth Circuit Case Law, Dr. Tellis Was an "Authorized" Possessor Under the Statute. ........................................................................................................................ 5

    II.    The Government Conceded Dr. Tellis was "Entrusted" with NDI................................... 6

    III.    Any Alleged Unauthorized Removal by Dr. Tellis Did Not Convert His Entrusted Possession Under Section 793(d) to Unauthorized Possession Under Section 793(e). .............. 9

    IV.    Congress Addressed Unauthorized Removal and Retention in Section 1924, Not Section 793........................................................................................................................ 12

CONCLUSION................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Babb v. Wilkie,*
 589 U.S. 399 (2020)........................................................................................................5

*Barnhart v. Sigmon Coal Co.,*
 534 U.S. 438 (2002)......................................................................................................13

*Bartenwerfer v. Buckley,*
 598 U.S. 69 (2023)..........................................................................................................5

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,*
 530 U.S. 1 (2000)..........................................................................................................11

*Healthkeepers, Inc. v. Richmond Ambulance Auth.,*
 642 F.3d 466 (4th Cir. 2011) ...................................................................................5–6, 7

*Kungys v. United States,*
 485 U.S. 759 (1988)........................................................................................................8

*Lynch v. Jackson,*
 853 F.3d 116 (4th Cir. 2017) ........................................................................................11

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife,*
 551 U.S. 644 (2007)........................................................................................................7

*Nat'l Assn. of Mfrs. v. Dep't of Defense,*
 583 U.S. 109 (2018)......................................................................................................11

*New Cingular Wireless PCS, LLC v. Finley,*
 674 F.3d 225 (4th Cir. 2012) .........................................................................................7

*Pulsifer v. United States,*
 601 U.S. 124 (2024)........................................................................................................8

*TRW Inc. v. Andrews,*
 534 U.S. 19 (2001)......................................................................................................9, 11

*United Sav. Ass'n. v. Timbers of Inwood Forest Assocs.,*
 484 U.S. 365 (1988)........................................................................................................7

*United States v. Batchelder,*
 442 U.S. 114 (1979)......................................................................................................13

*United States v. Berger*,
2005 WL 7981330 (Apr. 1, 2005, D.D.C.) ................................................................................13

*United States v. Hooker*,
841 F.2d 1225 (4th Cir. 1988) ...................................................................................................4

*United States v. Hung*,
629 F.2d 908 (4th Cir. 1980) .....................................................................................................6

*United States v. Kim*,
808 F. Supp. 2d 44 (D.D.C. 2011) .............................................................................................7

*United States v. Martin*,
523 F.3d 281 (4th Cir. 2008) .....................................................................................................8

*United States v. McGuinness*,
33 M.J. 781 (N-M. C.M.R. 1991) ............................................................................................11

*United States v. McGuinness*,
35 M.J. 149 (C.M.A. 1992)......................................................................................................11

*United States v. Menasche*,
348 U.S. 528 (1955)....................................................................................................................9

*United States v. Perry*,
757 F.3d 166 (4th Cir. 2014) .....................................................................................................4

*United States v. Regis*,
No. 1:18-cr-209 (E.D. Va. 2018) .............................................................................................12

*United States v. Sheek*,
990 F.2d 150 (4th Cir. 1993) ...................................................................................................12

*United States v. Thomas*,
367 F.3d 194 (4th Cir. 2004) .....................................................................................................4

*Van Buren v. United States*,
593 U.S. 374 (2021)....................................................................................................................5

*Wachovia Bank v. Schmidt*,
546 U.S. 303 (2006)....................................................................................................................7

*Whalen v. United States*,
445 U.S. 684 (1980)....................................................................................................................8

**Statutes**

18 U.S.C. § 793(d) ............................................................................................................. *passim*

18 U.S.C. § 793(e) ................................................................................................ *passim*

18 U.S.C. § 793(f) .............................................................................................................11

18 U.S.C. § 1924 ........................................................................................................1, 3, 12

**Court Rules**

Fed. R. Crim. Proc. 12(b)(3)(B)(v) .................................................................................4

**Other Authorities**

*Entrust*, Cambridge Dictionary, https://bit.ly/4aSHBi9; ..........................................10

*Entrust*, Merriam-Webster Dictionary, https://bit.ly/4sdrz9A .................................10

**INTRODUCTION**

In the superseding indictment, the government charged Dr. Tellis under the Espionage Act, 18 U.S.C. § 793(e), for willful retention of eleven documents allegedly containing national defense information ("NDI"). The indictment acknowledges that Dr. Tellis did important work for the government, possessed a security clearance, and came into possession of the documents lawfully. It does not allege any dissemination of NDI, nor does it allege that Dr. Tellis accessed documents beyond his security clearance or scope of work. Instead, the indictment affirmatively pleads that the United States "entrusted" Dr. Tellis with access to national defense and classified information, while also emphasizing that he allegedly "removed" the documents and retained them at an "unauthorized location."

Section 793(e) criminalizes the willful retention of NDI only when the defendant has "*unauthorized* possession of, access to, or control over" that information. But the superseding indictment's own allegations establish the opposite: Dr. Tellis maintained the appropriate security clearances for decades, had the right to see and review the eleven documents at issue in this matter, and did so within the scope of his work for the government. Consistent with Fourth Circuit case law—and as properly construed using settled canons of statutory interpretation—Dr. Tellis was not "unauthorized" within the meaning of Section 793(e). And the government's own concession in the indictment that Dr. Tellis was "entrusted" with NDI only drives the point home: entrusted individuals do not fall under Section 793(e). They might fall under Section 793(d), which explicitly applies to anyone "entrusted" with the documents, or they might fall under 18 U.S.C. § 1924, which applies to an employee or contractor who "by virtue of his position becomes possessed" of the documents. But in either case, entrusted individuals are not encompassed by the

1

provision charged in the indictment, Section 793(e), which applies only to those who are "unauthorized" possessors of the documents.

Because the indictment explicitly states that Dr. Tellis was "entrusted" with the NDI (which places his conduct within Section 793(d) or Section 1924) and does not—and cannot—establish the essential "unauthorized" possession element required by Section 793(e), it fails to state an offense under the particular subsection charged and must be dismissed under Rule 12(b).

## BACKGROUND

Dr. Tellis is a renowned scholar of international security, defense strategy, and U.S. foreign policy who has dedicated his life to serving this country. Dr. Tellis began his government employment with the Department of State in 2001, and has served in a variety of roles and capacities, including for the Department of Defense, up and until October 2025. Superseding Indictment ¶ 2, ECF No. 69 ("Indictment"). The Indictment acknowledges that Dr. Tellis was "entrusted" with the relevant documents: "In connection with his government employment, [Dr. Tellis] held a security clearance that authorized him to view classified material up to the TOP SECRET / Sensitive Compartmented Information (SCI) level and had access to national defense and classified information." *Id.* "Because [Dr. Tellis] held a security clearance and worked at multiple U.S. government agencies, the U.S. government *entrusted* [Dr. Tellis] with access to sensitive government materials, including information relating to the national defense that was closely held by the government ("National Defense Information") and classified documents and materials." *Id.* ¶ 10 (emphasis added).

This case stems from an October 11, 2025 search of Dr. Tellis' home, during which he was arrested and detained. ECF No. 2 ¶ 26. Two days later, the government filed a criminal complaint charging him with "[u]nlawful retention of national defense information" under 18 U.S.C.

2

§ 793(e).  ECF No. 1.  Although the search warrant itself identified Section 793(d),[1] Section 793(e),[2] and Section 1924,[3] as the "violation[s]" to which "[t]he search [was] related," ECF No. 45-1, at 2, the government ultimately proceeded under only the Espionage Act's Section 793(e) provision.

The original indictment, returned on November 13, 2025, charged Dr. Tellis with a single count of willful retention of NDI, in violation of 18 U.S.C. § 793(e), for allegedly retaining two classified documents containing NDI at his residence.  ECF No. 26 ¶¶ 16–18, 21.

On February 12, 2026, the grand jury returned a superseding indictment, again charging Dr. Tellis with willful retention of NDI in violation of Section 793(e).  Indictment ¶ 21.  The superseding indictment charges Dr. Tellis with eleven counts of willful retention, alleging that he removed eleven classified documents containing NDI and retained them at his residence without authorization.  *Id.* ¶¶ 18, 21.  Neither indictment alleges that Dr. Tellis disseminated or intended to disseminate any NDI.  Nor do they allege that Dr. Tellis accessed documents beyond his security clearance and scope of work.  Nor did they charge him under Section 793(d) or Section 1924.

---

[1] Section 793(d) applies to persons "lawfully having possession of, access to, control over, or being entrusted with" NDI who willfully transmits NDI "to any person not entitled to receive it, or willfully retains the same and fails to deliver it on demand to the officer or employee of the United States entitled to receive it."  18 U.S.C. § 793(d).

[2] Section 793(e) applies to persons "having unauthorized possession of, access to, or control over" NDI who willfully transmits NDI "to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it." 18 U.S.C. § 793(e).

[3] Section 1924 applies to "an officer, employee, contractor, or consultant of the United States" who "by virtue of his office, employment, position, or contract, becomes possessed of documents or materials containing classified information of the United States, knowingly removes such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location."  18 U.S.C. § 1924(a).

## LEGAL STANDARD

Dismissing an indictment is warranted if it "fail[s] to state an offense." Fed. R. Crim. Proc. 12(b)(3)(B)(v). The government fails to state an offense when the allegations contained in the indictment, even if true, would not establish an element of the offense. *United States v. Hooker*, 841 F.2d 1225, 1227–28 (4th Cir. 1988) (en banc); *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004). Where a defendant challenges an indictment pretrial, the Fourth Circuit applies "heightened scrutiny" to ensure the indictment charges every essential element of the offense. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014).

## ARGUMENT

The Court should dismiss the indictment because it fails as a matter of law to establish an essential element of the offense: "*unauthorized* possession of, access to, or control over" the alleged NDI. 18 U.S.C. § 793(e) (emphasis added). That "unauthorized" element is not a mere pleading formality; it is the *linchpin* Congress used to draw a line between two different categories of defendants.

Entrusted individuals can be charged under Section 793(d) (where all of that section's other elements are met), or can be charged under Section 1924 (where all of that section's other elements are met), but cannot be charged under Section 793(e). Section 793(e)'s inapplicability becomes clear when comparing its language to the language in subsection (d). Both Section 793(d) and Section 793(e) proscribe instances of "willfully retain[ing]" NDI. But Section 793's text draws a sharp line between (1) those "entrusted with" or "lawfully having possession" of NDI in subsection (d), *id.* § 793(d), as opposed to (2) those in "unauthorized possession" of NDI in subsection (e), *id.* § 793(e). When a defendant was "entrusted with" or in "lawful[ ] . . . possession" of the NDI, the defendant falls within Section 793(d) rather than 793(e). But under Section 793(d), there is no

4

violation unless and until there is a demand for the documents from an officer or employee of the United States, and the defendant "willfully retains the same and fails to deliver it on demand."  In the instant case, there was no such demand.  Thus, although the language at the beginning of Section 793(d), "entrusted with" and "lawfully having possession," appears to be a much better fit here for a prosecutor seeking to charge a violation of the Espionage Act, in the absence of any demand, the government is foreclosed from pursuing Section 793(d).

Apparently for that reason, the government turned to Section 793(e).  But as we demonstrate, Section 793(e) ("unauthorized") does not fit.  To read Section 793(e) as applying to someone who allegedly removed and retained documents he was entrusted with would contradict Fourth Circuit precedent, run afoul of the text of Section 793, and contravene well-settled canons of statutory construction.

But that is not to say that the alleged conduct is beyond Congress' reach.  The government should have, but did not, turn to Section 1924.  Congress enacted Section 1924 to address precisely the kind of "unauthorized removal and retention" of classified materials that the indictment alleges, and the government itself recognized Section 1924's relevance by invoking it in the search warrant while later choosing not to charge it.  The Court's task, however, is not to salvage an ill-fitting charge but to apply the statute Congress wrote.

I. **Under Fourth Circuit Case Law, Dr. Tellis Was an "Authorized" Possessor Under the Statute.**

Statutory interpretation "always" begins "with the text of the statute."  *Bartenwerfer v. Buckley*, 598 U.S. 69, 74 (2023) (quoting *Van Buren v. United States*, 593 U.S. 374, 381 (2021)). Where "[t]he plain meaning of the statutory text" yields a clear answer to the question presented, "it is not necessary to go any further."  *Babb v. Wilkie*, 589 U.S. 399, 404 (2020).  The plain meaning is determined by looking to "both the text and structure" of the statute.  *Healthkeepers,*

5

*Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 471 (4th Cir. 2011). As explained above, Section 793(d) refers to those "*lawfully* having possession of, access to, control over, *or being entrusted* with*" NDI while subsection (e) refers to those "having *unauthorized* possession of, access to, or control over" NDI. 18 U.S.C. § 793(d), (e) (emphases added).

The Fourth Circuit has previously recognized that the term "unauthorized possession" is a "possible ambiguity" in the statute. *United States v. Hung*, 629 F.2d 908, 919 n.10 (4th Cir. 1980).But the Circuit determined that the trial judge "provided adequate content for the phrase" by instructing the jury that *authorized* possession under Section 793 is defined as (1) having "an appropriate security clearance" and (2) "gain[ing] access to the document because it was necessary to the performance of his official duties." *Id.*

Under the framework approved by the Fourth Circuit, Dr. Tellis was an authorized possessor. The indictment says so on its face: "In connection with his government employment, [Dr. Tellis] held a security clearance that authorized him to view classified material up to the TOP SECRET / Sensitive Compartmented Information (SCI) level and had access to national defense and classified information." Indictment ¶ 2. The government "entrusted [Dr. Tellis] with access to" NDI because of his work "at multiple U.S. government agencies." *Id.* ¶ 10. At no point does the government allege that Dr. Tellis accessed or possessed documents that he did not have the appropriate security clearance for or that were not necessary to the performance of his official duties for the United States. Accordingly, the government fails to establish an essential element of the offense, "unauthorized" possession, and the Court's inquiry should end there.

## II.      The Government Conceded Dr. Tellis was "Entrusted" with NDI.

The government's concession in the indictment that the United States "entrusted" Dr. Tellis with NDI confirms that he is not an unauthorized possessor within the framework of the Espionage Act, as an "entrusted" individual under the statute falls within Section 793(d), not (e). "It is a

6

fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2007) (citation and quotations omitted).  "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme-because the same terminology is used elsewhere in a context that makes its meaning clear." *United Sav. Ass'n. v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 371 (1988); *see also United States v. Kim*, 808 F. Supp. 2d 44, 52 n.2 (D.D.C. 2011) ("Section 793(e) contains the same language at issue as § 793(d), but it applies to persons who have unauthorized rather than lawful access to information relating to [NDI].").

Reading Section 793 as a whole, Congress chose to distinguish between two different categories of defendants and paired that line with two different retention triggers.  Subsection (d) governs persons "*lawfully* having possession of, access to, control over, *or* being *entrusted* with" NDI. 18 U.S.C. § 793(d) (emphases added).  For that custodian, Congress criminalized retention only when the person "willfully retains" the information "*and* fails to deliver it on demand to the officer or employee of the United States entitled to receive it." *Id.* (emphasis added).  Subsection (e), by contrast, applies to a person in "*unauthorized* possession of, access to, or control over" NDI and omits the "on demand" limitation. *Id.* § 793(e) (emphasis added).  That textual contrast is not accidental, and "all language in the statute should be given full effect." *Healthkeepers*, 642 F.3d at 471–72.

Under the rule of *in pari materia*, "statutes addressing the same subject matter generally should be read 'as if they were one law.'" *New Cingular Wireless PCS, LLC v. Finley*, 674 F.3d 225, 249 (4th Cir. 2012) (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006)).  And under the whole-act and meaningful-variation canon, "lawfully having possession . . . or being

entrusted" with NDI in subsection (d) and having "unauthorized possession" of NDI in subsection (e) must be read as describing different statuses, not interchangeable labels for the same group. Congress would not have proscribed the same conduct, by the same person, in two different subsections. *See United States v. Martin*, 523 F.3d 281, 290 (4th Cir. 2008) ("Congress ordinarily does not intend to punish the same offense under two different statutes." (quoting *Whalen v. United States,* 445 U.S. 684, 692 (1980)). It is a "cardinal rule of statutory interpretation that no provision should be construed to be entirely redundant." *Kungys v. United States*, 485 U.S. 759, 778 (1988) (plurality opinion). When a statutory construction "renders an entire subparagraph meaningless," the rule against surplusage "applies with special force." *Pulsifer v. United States*, 601 U.S. 124, 143 (2024).

Applying those canons here, the government cannot plead that the United States "entrusted" Dr. Tellis with access to NDI—placing him within Section 793(d)'s express class of covered custodians—while simultaneously prosecuting him under Section 793(e) as an "unauthorized" possessor based solely on alleged unauthorized location. Reading "unauthorized possession" to include an individual whom the government concedes was "entrusted" would collapse the statute's deliberate subdivision, render the phrase "or being entrusted with" surplusage, and permit the government to nullify Section 793(d)'s "on demand" limitation by charging every alleged retention by an entrusted custodian under Section 793(e). The Court should reject that construction and give full effect to Congress' textual line: entrusted—and otherwise lawful—custodians fall under Section 793(d), while Section 793(e) is reserved for those who, consistent with *Hung*, lack the requisite clearance or need to know.

Moreover, Congress' decision to list both "lawfully having possession" of and "being entrusted with" NDI in the same subsection, subsection 793(d), confirms that "entrusted" cannot

8

be read as merely a restatement of lawful possession; it captures a distinct status grounded in the government's conferral of trust and access—precisely what the indictment alleges here. Indictment ¶ 10.  The government does not allege that Dr. Tellis was an *un*lawful possessor.  But even assuming, *arguendo*, that possessing NDI in an unauthorized location does not constitute lawful possession under the statute, under the canon against surplusage, Congress's inclusion of the phrase "*or* being entrusted with" must mean that "entrusted" adds something beyond "lawfully having possession," rather than duplicating it.  *See, e.g.*, *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'" (quoting *United States v. Menasche,* 348 U.S. 528, 538–39 (1955)).  It makes perfect sense to apply the "entrusted" language to a situation such as ours:  Dr. Tellis, whether he was in lawful possession or not, had been "entrusted" with the document and therefore falls squarely within the provision that the government chose not to utilize: Section 793(d).

The Court should therefore follow the statute's text and structure (and the Fourth Circuit's framework in *Hung*) and hold that because Dr. Tellis, as alleged in the indictment, was "entrusted" with the NDI, then with respect to the Espionage Act it is Section 793(d) rather than (e) which the government should have focused on as the possibly relevant statute.  Section 793(e), because it applies not to those who were "entrusted" but instead to those who were in unauthorized possession, simply does not apply.

    **III.**    **Any Alleged Unauthorized Removal by Dr. Tellis Did Not Convert His Entrusted Possession Under Section 793(d) to Unauthorized Possession Under Section 793(e).**

Despite conceding that Dr. Tellis was "entrusted" with NDI, the government nevertheless is seeking to proceed under Section 793(e)—which applies only to defendants who have "unauthorized possession of, access to, or control over" NDI—rather than Section 793(d), which expressly governs persons "entrusted with" NDI.  Presumably, the government recognizes that it

would run into a dead end with subsection (d) because of the "demand" element of that subsection, and so it turned to Section 793(e) in an effort to salvage some charge under the Espionage Act. The government's apparent theory is that the alleged removal of the NDI from the SCIF converted Dr. Tellis' entrusted (or otherwise lawful) possession into "unauthorized" possession, thereby bringing the case within the ambit of Section 793(e).  *See* Indictment ¶¶ 12, 16–18.  But that conversion theory is inconsistent with the statute's text and structure.  Section 793(e) is structured around status.  Notably, the statutory scheme does not contain two buckets for "authorized" and "unauthorized" but instead distinguishes between *three* categories of persons (1) *unauthorized* possessors in Section 793(e), and (2) *lawful* possessors and (3) *entrusted* possessors, both in Section 793(d).  Because the government concedes entrustment, Dr. Tellis falls in Section 793(d)—regardless of whether the possession was lawful—and the alleged removal or retention of NDI in an unauthorized location does not terminate that entrustment.

While removing classified documents from a SCIF and retaining them in an unauthorized location may make that retention *unlawful*, it does not end the *entrustment*.  (Nor does it make the possession *unauthorized* under the framework approved by the Fourth Circuit in  *Hung*, discussed above).  The plain meaning of "entrust" is "to give someone a thing or a duty for which they are responsible."  *Entrust*, CAMBRIDGE DICTIONARY, https://bit.ly/4aSHBi9; *see also Entrust*, MERRIAM-WEBSTER DICTIONARY, https://bit.ly/4sdrz9A (defining entrust as "to commit to another with confidence").  Nothing in that ordinary meaning turns on the physical location of the item or makes entrustment contingent on perfect compliance with protocols.  To the contrary, once a person is entrusted with classified information, the responsibility to safeguard it is ongoing and endures so long as the information remains classified, including for information retained only in memory.  Accordingly, even in the event documents are removed from an authorized location,

10

responsibility—and thus entrustment—continues.  "[W]hen the statute's language is plain," as here, "the sole function of the courts . . . is to enforce it according to its terms."  *Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).  To conclude that entrustment simply ends whenever the information is no longer in an authorized location, as the government would have, is contrary to the plain meaning of the word.

The text and structure of Section 793 reinforce the ordinary-meaning reading of "entrusted."  To read "entrusted with" in the statute as being synonymous with "lawful," for instance, would render its inclusion superfluous.  Moreover, if "unauthorized possession" under Section 793(e) automatically encompassed entrusted custodians whenever the government alleges "removal" or retention in an "unauthorized location" then Section 793's removal provision, subsection (f)—which focuses on removal from "proper place of custody"—would do no independent work.  18 U.S.C. § 793(f).  Courts must "give effect, if possible, to every clause and word of a statute," *TRW*, 534 U.S. at 31 (2001) (citation omitted), and reject interpretations that "render an entire subparagraph meaningless," *Nat'l Assn. of Mfrs. v. Dep't of Defense*, 583 U.S. 109, 128 (2018).  Therefore, the government cannot convert an entrusted custodian covered by Section 793(d) into an "unauthorized" possessor under Section 793(e) merely by alleging improper removal or retention at an unauthorized location.

Although one non-Article III court has suggested a broader conception of "unauthorized" in this context, *see United States v. McGuinness*, 33 M.J. 781, 786 (N-M. C.M.R. 1991), *aff'd*, 35 M.J. 149 (C.M.A. 1992) (distinguishing *Hung*), that outlier approach is neither binding here nor consistent with the statutory text and structure described above.  Finally, even if the Court perceived ambiguity, lenity would foreclose the government's attempt to stretch Section 793(e) to

11

reach entrusted persons who removed and retained NDI while bypassing Section 793(d)'s demand element. *See United States v. Sheek*, 990 F.2d 150, 153 (4th Cir. 1993).

Since Dr. Tellis was "entrusted" with NDI (as the government concedes), if the government wants to proceed under the Espionage Act, it must proceed—if at all—under the subsections that Congress wrote for entrusted custodians, i.e., subsection (d) (or perhaps also (f)), and it must plead (and ultimately prove) the elements Congress required. Because the indictment fails to establish an essential element of a Section 793(e) offense, the indictment must be dismissed.

### IV. Congress Addressed Unauthorized Removal and Retention in Section 1924, Not Section 793

Finally, the fact that Congress expressly proscribes "unauthorized removal and retention" in Section 1924—and not in Section 793(e)—underscores the government's overreach in charging Section 793(e). 18 U.S.C. § 1924 (capitalization omitted). Section 1924 provides:

> Whoever, being an officer, employee, contractor, or consultant of the United States, and, by virtue of his office, employment, position, or contract, becomes possessed of documents or materials containing classified information of the United States, knowingly removes such documents or materials without authority and with the intent to retain such documents or materials at an unauthorized location shall be fined under this title or imprisoned for not more than five years, or both.

*Id.* By its terms, Section 1924 applies when a federal employee, like Dr. Tellis, has access to classified documents by virtue of one's position, and "knowingly removes such documents" without authorization and with "the intent to retain" them "at an unauthorized location." *Id.* This is exactly the conduct the government alleges occurred. The indictment alleges that Dr. Tellis had access to classified documents by virtue of his employment, Indictment ¶ 10, that he "removed without authorization" classified documents, *id.* ¶ 12, and retained those documents at an unauthorized location, his home, *id.* ¶ 14, 17.

The government plainly understood Section 1924's relevance here: the search warrant listed both Section 793 and Section 1924 as the "violation[s]" to which "the search [was] related."

12

ECF No. 45-1, at 2. Yet, the government made the calculated decision to drop Section 1924—which has no guidelines associated with it, and therefore more readily allows for lower sentencing—from the indictment. While certainly the government has prosecutorial discretion to decide what to charge, *United States v. Batchelder*, 442 U.S. 114, 124 (1979), what the government may not do is shoehorn a case into a statute it prefers by borrowing elements ("entrust" and "removal") from other neighboring provisions, *see also Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 452 (2002) (under the *expressio unius est exclusio alterius* canon, where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion"). Put simply: the government may choose its statute, but it cannot expand a statute beyond its elements.

Significantly, dismissal under Section 793(e) does not imply that the alleged conduct is beyond Congress' reach. To the contrary, Congress enacted Section 1924 precisely to address the kind of removal-and-retention allegations the government has pleaded here. And Section 1924 has been the vehicle for resolving comparable removal-and-retention cases. *See, e.g.*, *United States v. Regis*, No. 1:18-cr-209 (E.D. Va. 2018), ECF No. 17, at 3 (removal and retention of 60 notebooks over a ten-year period with several hundred instances of classified information by federal contractor); *United States v. Berger*, 2005 WL 7981330, at *1 (Apr. 1, 2005, D.D.C.) (unauthorized removal and retention by a consultant of the United States). The government has rejected Section 1924 apparently because it believes that Dr. Tellis' conduct is sufficiently weighty to require that he be prosecuted under the Espionage Act, with its hefty sentencing guidelines rather than Section 1924, which, although a felony, has no associated sentencing guidelines and would allow the court more discretion at the time of any sentencing.

13

Regardless of whether sentencing consequences influenced the government's charging decision, sentencing exposure cannot justify rewriting the elements of Section 793(e). The Court's task is to apply the statute Congress enacted. Because Section 793(e) does not fit the government's own entrusted-but-removed theory, the Section 793(e) count should be dismissed.

## CONCLUSION

For the reasons set forth above, the indictment should be dismissed with prejudice.

Dated: February 26, 2026.                    Respectfully submitted,

*/s/ John Nassikas*
John Nassikas (No. 24077)
Baruch Weiss (admitted *pro hac vice*)
Bonnie Devany (admitted *pro hac vice*)
Aaron X. Sobel (admitted *pro hac vice*)
Arnold & Porter LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-6820
Telephone: (202) 942-6819
Telephone: (202) 942-6834
Telephone: (202) 942.5212
john.nassikas@arnoldporter.com
baruch.weiss@arnoldporter.com
bonnie.devany@arnoldporter.com
aaron.sobel@arnoldporter.com

*Attorneys for Ashley J. Tellis.*

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day filed the foregoing document electronically with the United States District Court for the Eastern District of Virginia with electronic service to all counsel and parties of record.

Dated: February 26, 2025.

*/s/ John Nassikas*
John Nassikas

15