**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **ASHLEY J. TELLIS,** | )    Case No. 1:25-cr-00308-MSN |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

Dr. Ashley J. Tellis, by counsel, respectfully moves under Federal Rule of Criminal Procedure 41(g) for the immediate return of (1) the 18TB hard drive containing family photos that he voluntarily provided to the FBI in late October 2025 after agents failed to seize it during the initial search of his home; (2) his iPad, which he uses to read books and daily prayers; (3) approximately $2,000 in personal cash savings; and (4) his iPhone, followed by the prompt return of the remainder of Dr. Tellis' seized property. The 18TB drive is the most urgent item. For Dr. Tellis—a passionate photographer for more than 40 years—this is not merely a storage device. It contains the visual history of his family, captured over decades through tens of thousands of photographs that he has painstakingly reviewed, edited, and catalogued using Adobe Lightroom software. While defense counsel has made repeated good-faith efforts to resolve this matter without the Court's involvement, those efforts have been unsuccessful.

Nearly six months later, despite persistent requests from the defense for the drive, even after the case was dismissed, the government still has not returned the 18TB drive—or Dr. Tellis' iPad, iPhone, or personal cash—and has not provided any date certain for doing so. Whatever investigative review the government wished to conduct of these personal items has now been

unreasonably delayed. With no criminal case pending and no release conditions limiting Dr. Tellis' use of electronic devices, the continued retention of these items is unreasonable, and justice mandates the belated return of his property.

## I.      Background

On October 11, 2025, FBI agents conducted a search of Dr. Tellis' home and seized 17 personal items the FBI has yet to return,[1] including Dr. Tellis' iPhone and iPad, and approximately $2,000 in cash. On October 28, 2025, while under home detention, Dr. Tellis discovered two hard drives that the FBI agents had overlooked during their initial search. Through counsel, he promptly notified the government, and agents returned the following morning to collect them. Dr. Tellis showed the agents two hard drives that they had left behind and explained that one of the hard drives contained case-relevant documents and the other hard drive—the 18TB hard drive— contained his family photographs.[2] The FBI took both hard drives and assured Dr. Tellis that the photographs would be returned promptly.

Over the course of the ensuing nearly six months, defense counsel has requested the return of the 18TB hard drive numerous times—during conferrals, by email, and before the Court at the March 5, 2026 bond hearing. Defense counsel told the government that the 18TB drive was the most important to Dr. Tellis because it contains the industry-standard Adobe Lightroom software, which includes catalogue and edit data that organize, render, and preserve decades of photographs.

---

[1] The items the government has yet to return, in order listed on the October 11, 2025 receipt for property are (1) wood finish thumb drive labeled St Xaviers College, Mumbai; (2) black hard drive with post it labeled "back up" with cables; (3) white and blue thumb drive; (4) blue iPhone in translucent case; (5) Onkyo tablet; (6) iPad; (7) silver laptop; (8) Microsoft laptop; (9) white and blue thumb drive; (10) LG Nexus phone in white case; (11) LG Nexus phone; (12) LG V40 thin Q phone; (13) white iPhone in blue Spigen case; (14) blue 2GB thumb drive; (15) white & orange 8GB thumb drive; (16) desktop computer NZXT; and (17) black hard drive with post it.

[2] The government agrees that the drive, although it has the capacity to store 18TB of data, does not actually contain that much data.

Dr. Tellis has been a passionate photographer for more than 40 years. He uses professional-level equipment, including around 20 camera lenses and bodies—which the FBI inspected at the time of the search. Dr. Tellis photographs historic sights, vacations, holidays, milestones, and family life. The 18TB drive contains more than 90,000 photos, which Dr. Tellis has carefully edited and catalogued over the last two decades. Those photographs are, in a very real sense, an expressive representation of his family's history. The drive contains no classified information—nor has it ever. It has no relevance to this litigation but immense value to Dr. Tellis and his family.

In a February 25 email, the government indicated that the FBI was "procuring" an "electronic storage media" to review the hard drive and would "likely be done reviewing the hard drives in 3-4 weeks," by March 25. That time has passed, and the government has not returned the 18TB drive.[3]

Before the dismissal of the case on April 16, the government—on April 10 and April 14—told defense counsel that agents were still trying to copy and review the material, were encountering "technical difficulties," and would "be providing an imaged copy in regular discovery" but provided no date by which this would be done.

After the Court dismissed the case, defense counsel again requested that the 18TB drive be returned, as well as the remainder of Dr. Tellis' personal property, including his iPad, cash, and iPhone. The government stated on April 17 that it had "identified information on the HD that is

---

[3] The government has returned a flash drive and two other hard drives, one of which is a backup drive containing all of Dr. Tellis' photographs, which include images in RAW and other formats. But that backup is not an adequate substitute. Without the Adobe Lightroom catalogue and edit data in the 18TB drive, Dr. Tellis is left only with unedited and uncatalogued images. Given his professional-grade equipment, the majority of these photos, especially those in RAW format, are not usable until they are edited. And his already-edited photos are a form of expressive art. Dr. Tellis estimates that it would take thousands of hours to identify, re-edit, and re-catalogue these photos.

potentially relevant for the government's investigation"—without more—and that it would "return[] an imaged copy to" Dr. Tellis, but because the "FBI needs to review the material on the HD before returning it to ensure that no contraband in the form of classified or national defense information exists on the drive," the government did not have an estimate of when the items would be returned. Defense counsel offered to explain any photo-related data the FBI may be seeing, but the government did not respond.

As to Dr. Tellis' other property, the government responded on April 21 that "agents continue to review materials on seized devices on a rolling basis" and that the government was "hopeful" that it would "have a few additional devices reviewed in the next few weeks." The government offered no explanation as to the cash the FBI seized from Dr. Tellis, even when defense counsel informed the government that Dr. Tellis would be filing this motion.

This latest explanation—or lack thereof—for further delay with no end in sight is neither reasonable nor acceptable. In the months since the government took the drive, Dr. Tellis has continued photographing his grandchild, but he has had no practical way to review, catalogue, and edit those new images without the seized drive and the personalized software it contains. With Dr. Tellis' second grandchild due in early May, he needs the drive returned promptly, and there is no reason for further delay.

## II.    Argument

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). If the motion is granted, "the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." *Id.* The Rule applies to the return of property even when the initial seizure was lawful, "once the

government no longer has a need" for it. *United States v. Garcia*, 65 F.3d 17, 20–21 (4th Cir. 1995).

Dr. Tellis is plainly entitled to lawful possession of his personal property. "The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'" *United States v. Roca*, 676 Fed. App'x 194 (4th Cir. 2017) (quoting *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)). Here, the case has been dismissed. The government does not contend that the items are contraband or forfeitable. To the extent the government just recently raised that they are "ensur[ing]" that the 18TB hard drive does not contain contraband, they have had six months to do so. And there are no longer release conditions in place that prevent Dr. Tellis from using or accessing electronic devices. The government's current position is not that the property must remain in government custody indefinitely because no other course is possible. Rather, the government says that FBI "agents continue to review materials on seized devices on a rolling basis." The government also has not articulated any basis to retain Dr. Tellis' personal cash savings.

At this point, the government's retention of Dr. Tellis' property has become unreasonable. *See Eckstein v. Cullen*, 803 F. Supp. 1107, 1116–17 (E.D. Va. 1992), *aff'd sub nom. Eckstein v. Melson*, 18 F.3d 1181 (4th Cir. 1994) (ordering return of property because retention of magazines for over five months was unreasonable). The government, with the many agents involved at the beginning of this matter, has had extensive time—nearly six months—and resources to review and copy the material. Its current explanation is only that it has encountered unspecified "technical difficulties," needs additional time to review, and does "not currently have a date certain" for return. That is not enough. *See, e.g.*, *United States v. Roca*, 676 Fed. App'x 194 (4th Cir. 2017) ("[B]ecause a person from whom property was seized is presumed to have a right to its return, at

the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property."). The government has failed to meet this burden. The drive contains family photographs organized through Adobe Lightroom, an industry-standard photography program widely used to catalogue, edit, and manage digital images. This is not an obscure or bespoke system that would justify open-ended delay. And because the government has already returned a backup drive containing the underlying images, it is apparent that the issue is not a lack of notice as to the nature of the material, but the government's professed prolonged review of the Lightroom catalogue and associated data that make the archive usable to Dr. Tellis.

The government stated to defense counsel that "[w]hile the 18TB drive does not contain 18TB's worth of data, it has more images and other file types than only the pictures that were on the returned drives." As defense counsel has explained repeatedly to the government, when a picture is edited in Adobe Lightroom, Adobe Lightroom generates a file (in alphanumeric code) with instructions for the software on how to display and catalogue the picture. It also generates a new image reflecting the edited photograph. That is the reason it looks like the drive has more photographs and files: the government is attempting to open catalogue data for the software. The government's explanation for this indefinite retention of the drive—that it does not understand the industry-standard software Dr. Tellis uses—is unacceptable.

The prejudice from that delay is substantial. Without the Lightroom catalogue, edit history, and personalized settings, Dr. Tellis is left with RAW, TIFF, JPEG, and other photo files stripped of the organization, curation, and editing work he built over decades. It would take thousands of hours to recreate that work—work that has expressive value protected by the First Amendment. And "the First Amendment concerns implicated" by the held property "do affect the amount of time that defendant reasonably may retain plaintiff's property." *Eckstein*, 803 F. Supp. at 1116.

The continued retention of Dr. Tellis' iPad, iPhone, and personal cash likewise inflicts unjustified harm. In particular, retaining his iPad interferes with his ability to engage in his religious practice in his preferred manner, which includes using the Divine Office application on his iPad to read his daily prayers. Whatever legitimate evidentiary interest the government may have had in examining Dr. Tellis' property cannot justify its indefinite deprivation—especially as to the hard drive, which is so plainly personal, so clearly identified from the outset, and was voluntarily provided by Dr. Tellis himself.

### Conclusion

For those reasons, Dr. Tellis respectfully asks that the Court order the government to prioritize the immediate return to the defense of (1) the 18TB drive; (2) his iPad; (3) approximately $2,000 in cash seized; and (4) his iPhone, followed by the prompt return of the remaining items described in footnote 1. Dr. Tellis does not object to conditions requiring the preservation of his electronic devices and the drive, so long as Dr. Tellis may continue to use them, particularly the drive for his photography work. In the alternative, if the government contends it must temporarily retain the original medium, Dr. Tellis respectfully asks that the Court order the government to produce a complete functional copy of the drive that includes the Lightroom catalogue and associated edit data.

Dated: April 22, 2026.                                  Respectfully submitted,


                                                        /s/ John Nassikas
                                                        John Nassikas (No. 24077)
                                                        Baruch Weiss (admitted *pro hac vice*)
                                                        Bonnie Devany (admitted *pro hac vice*)
                                                        Aaron X. Sobel (admitted *pro hac vice*)
                                                        Arnold & Porter LLP
                                                        601 Massachusetts Ave. NW

Washington, DC 20001
Telephone: (202) 942-6820
Telephone: (202) 942-6819
Telephone: (202) 942-6834
Telephone: (202) 942-5212
john.nassikas@arnoldporter.com
baruch.weiss@arnoldporter.com
bonnie.devany@arnoldporter.com
aaron.sobel@arnoldporter.com

*Attorneys for Ashley J. Tellis.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day filed the foregoing document electronically with the United States District Court for the Eastern District of Virginia with electronic service to all counsel and parties of record.

Dated: April 22, 2026.

*/s/ John Nassikas*
John Nassikas

9