UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHLEY J. TELLIS,<br>*Defendant.* | Case Number 1:25-CR-308 |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Ashley J. Tellis' ("Defendant") Motion for Return of Property. ECF 90. The government opposed the motion, and Defendant filed a reply in support of his motion. ECFs 92, 93. Upon consideration of the pleadings and for the reasons set forth below, Defendant's motion is GRANTED IN PART.

## I. BACKGROUND

Defendant "held a security clearance that authorized him to view classified material up to the TOP SECRET / Sensitive Compartmented Information (SCI) level and had access to national defense and classified information" as an employee of the Department of State and the Department of War. ECF 69 ¶ 2. On October 11, 2025, the government seized a panoply of property from the Defendant's home during a Court-authorized search. ECF 92 at 1. The government seized over 37,000 pages of documents containing classified markings and twenty-one digital devices. *Id.* at 1-2. On October 29, 2025, Defendant voluntarily provided the government with two additional hard drives, one of which he informed the government contained classified materials. *Id.* at 2. Relevant to this motion, the government seized (1) an 18TB hard drive containing family photos,

(2) an iPad, and (3) an iPhone. ECF 90 at 1[1]. The government also seized 17 personal items identified in Defendant's motion at footnote 1. *See id.* at 2.

The government's review of the seized materials included protocols to identify and contain any discovered classified or sensitive information. ECF 92 at 2. This review can only be completed by agents and support staff with the requisite clearances. *Id.* at 3. Physical information must be inspected and catalogued by hand at a secure facility and digital information must be processed at an off-site facility for upload to a specialized review platform at the FBI's Washington Field Office. *Id.* The government's review of the devices revealed that two additional electronic devices, a computer and a black hard drive, contained information with classification markings. *Id.*

The 18TB drive contains photos that Defendant has taken, edited, and catalogued and is of particular personal significance to him. ECF 90 at 3. It also contained other files. ECF 92 at 3. To facilitate review of the materials, the government performed Optical Character Recognition to convert the images, photos, and scanned documents on the drive into text-searchable files. *Id.* Due to the large volume of material, that conversion took weeks. *Id.* Agents have been reviewing all the seized materials on a rolling basis, and the government has returned some devices to Defendant as the reviews completed. ECF 92 at 4.

On November 13, 2025, Defendant was indicted on one count of willful retention of National Defense Information in violation of 18 U.S.C. § 793(e). ECF 26. A superseding indictment was later filed, charging him with eleven (11) counts under the same statute. ECF 69. After oral argument on Defendant's motion to dismiss the superseding indictment, this Court dismissed the case without prejudice. ECF 87. The government appealed that decision on May 16, 2026. ECF 94. That appeal remains pending.

---

[1] The Defendant also originally requested the return of $2,000 in personal cash savings. ECF 90 at 1. The government returned the $2,000 in cash to defense counsel on May 11, 2026. ECF 93 at fn. 1.

## II. LEGAL STANDARDS

Federal Rule of Criminal Procedure 41(g) provides that:

> A person aggrieved by … the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Rule 41(g) does not set forth a standard 'to govern the determination of whether property should be returned,' but the test is one of 'reasonableness under all the circumstances.'" *Matter of Search of Real Prop. & Premises of Hannah Natanson*, No. 1:26-SW-00054 (WBP), 2026 WL 510727, at *7 (E.D. Va. Feb. 24, 2026), *aff'd sub nom. Matter of Search of Natanson,* No. 1:26-SW-00054 (WBP-AJT), 2026 WL 1458902 (E.D. Va. May 4, 2026) (quoting FED. R. CRIM. P. 41 advisory committee's note to 1989 amendment). "During the pendency of a criminal prosecution, the movant bears the burden of demonstrating his entitlement to the return of the subject property; however, because a person from whom property was seized is presumed to have a right to its return, at the conclusion of the criminal proceedings, the burden shifts to the government to demonstrate a legitimate reason for retaining the property." *United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). A Rule 41(g) motion "'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Jackson v. United States,* 526 F.3d 394, 396 (8th Cir. 2008)). However, if the government's interests "can be satisfied even if the property is returned, continued retention of the property would become unreasonable." Rule 41(g) 1989 Advisory Committee Notes. In this

manner, the underlying purpose of the rule is to balance "legitimate law enforcement interest in the property" with "a right of a property owner." *Id.*

Although the rule says that a "court must receive evidence on any factual issue," this does not mean that a court must hold an evidentiary hearing if there are facts in dispute. *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013), *aff'd,* 567 F. App'x 202 (4th Cir. 2014) (citing *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)). It simply means that the court must resolve factual disputes on evidence rather than allegations. *Id.* (citing *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)).

## III. ANALYSIS

Defendant argues that the government's continued retention of his personal property is unreasonable because 1) his case has been dismissed, 2) the government has already had months to review the electronic material for any contraband, 3) that the 18TB drive only contains family photographs and files associated with the edited versions of those photos. *See generally* ECF 90. He further alleges he has suffered prejudice and harm from the delay of the return of these devices, including that he has lost the 18TB drive which contains the organized and curated collection of his photography, and that it has affected his ability to "engage in his religious practice in his preferred manner" including by reading prayers on his iPad. ECF 90 at 6-7. The government argues that it needs to retain these materials because it has "an active investigation into and prosecution of the Defendant pending" and to ensure that none of the devices contain classified information. ECF 92 at 6.

The Court finds that the criminal proceedings in this case have not terminated. Although this Court dismissed the indictment without prejudice on April 16, 2026, that is not the end of the

story. The government noted an appeal in this case on May 15, 2026[2], and that appeal remains pending before the Fourth Circuit. *See* ECF 94; *United States v. Ashley Tellis*, No. 26-4275 (4th Cir. 2026). Even if the appeal is unsuccessful, this Court dismissed the indictment without prejudice. ECF 87. This Court will not speculate as to the ultimate legal question regarding the propriety of pursuing a new indictment in this case; however, its order does not preclude the government from doing so. As such, the government maintains a "need for the property as evidence". As explained by the government, its "prosecution of the Defendant is ongoing," and the devices that may contain evidence of the relevant charges need to be reviewed and preserved in connection with that investigation. ECF 92 at 7-8.

In addition, it is clear that classified information must not be returned to Defendant. *United States v. Hoffman*, No. 2:12CR184, 2018 WL 5973763, at *2 (E.D. Va. Nov. 14, 2018), *aff'd*, 764 F. App'x 399 (4th Cir. 2019) ("The Court finds that not only does Petitioner lack[ ] entitlement to lawful possession of such seized property due to its classified nature, but providing such classified items to Petitioner would pose potential security risks.") (internal citation and quotations omitted). However, the government does not have any "need" to maintain possession over devices that are unrelated to its investigation, and that contain no classified information. *See e.g.*, *id.* (government agreeing to return Petitioner's property that was not forfeited, did not contain classified material, and possession of items [were] not otherwise unlawful). The government appears to concede as such, explaining that it will "continue to expeditiously perform its review [of the devices] and return devices or images of devices where feasible." ECF 92 at 1.

The question then becomes one of reasonableness: is it reasonable for the government to maintain possession over these devices even if they only contain personal files unrelated to the

[2] The Court notes that Defendant filed his motion for return of property before the government timely noted its appeal.

investigation? The government has possessed these devices for more than one year at this point. ECF 92 at 1. If this case proceeded to trial as originally scheduled, trial would begin in approximately two months' time. ECF 62. The Court is sympathetic to the large quantity of material at issue that requires review and segregation of any classified or relevant information, and to the complications that accompany the handling of classified information. ECF 92 at 8. Furthermore, it is not the Court's job to instruct the government as to how to prioritize its review of evidence. However, the Court finds it would be unreasonable for the government to maintain possession over devices that may not have any evidentiary value past the time at which the case would have proceeded to trial. As such, the Court will require the government to review the materials expeditiously, and to return to the Defendant all devices, or complete functional copies of the devices, that are unnecessary to its investigation.

## IV. CONCLUSION

For the foregoing reasons it is hereby

ORDERED that Defendant's motion, ECF 90, is GRANTED IN PART. The government shall have sixty (60) days from the date of this order to review the remaining devices and return to Defendant all devices, or functional copies of the devices, that it does not need as evidence. If there are still outstanding devices for review at that time, the government shall file a sealed status report with the Court detailing the remaining items to be returned to Defendant as well as the efforts taken to complete the review.

IT IS SO ORDERED.

/s/
Michael S. Nachmanoff
United States District Judge

November 2, 2026
Alexandria, Virginia